**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAWN WILSON, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> CHARLOTTE BLACKWELL, et al., : <br> : <br> Respondents. : | Civil No. 07-4141 (AET) <br><br> **O P I N I O N** |

**APPEARANCES**:

Dawn Wilson, Pro Se
#21123/801985B
Edna Mahan Correctional Facility for Women
30 County Road 513
P.O. Box 4004
Clinton, NJ 08809

Simon Louis Rosenbach
Middlesex County Prosecutor's Office
25 Kirkpatrick Street, 3d Floor
New Brunswick, NJ 08901
Attorney for Respondents

**THOMPSON**, District Judge

Petitioner Dawn Wilson, a prisoner confined at the Edna Mahan Correctional Facility for Women in Clinton, New Jersey, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents are Charlotte Blackwell, the

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a

administrator of the prison, and Anne Milgram, the Attorney General of New Jersey.  Respondents have filed a response to the petition, and Petitioner has filed a traverse.  For the following reasons, the petition will be denied.

## BACKGROUND

On August 4, 1999, Petitioner pled guilty to felony murder after stabbing her stepfather to death with a knife when he refused to give her money.[2]  (See Transcript dated August 4, 1999).  On October 18, 1999, Petitioner was sentenced, pursuant to the plea agreement, to a term of thirty years imprisonment with a thirty year period of parole ineligibility.

Petitioner filed a notice of appeal to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), but the appeal was dismissed on July 26, 2000.  On July 27, 2000, Petitioner filed a state petition for post-conviction relief ("PCR").  The trial court denied relief on November 13, 2001, without an evidentiary hearing.  The Appellate Division affirmed

---

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[2] The record reflects the victim as Petitioner's stepfather, grandfather, and step-grandfather.  In the sentencing transcript, dated October 18, 1999, Petitioner's counsel clears this up by indicating that the victim was Petitioner's stepfather.

2

the denial of relief on June 24, 2003, and the Supreme Court of New Jersey denied certification on November 14, 2003.

Petitioner states that in October of 2004, she filed a second PCR petition.[3] The second PCR petition was denied on September 8, 2005. The denial was affirmed by the Appellate Division on April 19, 2007, and the New Jersey Supreme Court denied certification on July 16, 2007.

Petitioner filed this habeas petition on August 27, 2007. On September 7, 2007, Petitioner was advised of her rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). An Order to Answer was issued and Respondents filed a response to the petition on November 9, 2007. Petitioner filed a reply to the response on February 25, 2008.

Petitioner asserts the following claims in this habeas petition:

1. Petitioner's plea was not knowing and voluntary in violation of the Sixth and Fourteenth Amendments.

---

[3] Although Respondents do not have a copy of the second PCR petition, they allege that the second PCR petition was filed on July 18, 2005. Petitioner alleges that the second PCR petition was filed in October 2004. It is unclear to the Court, based on the record provided, when the second PCR petition was filed. In fact, a letter from the Public Defender's office indicates that the petition was forwarded to the Public Defender's office on November 4, 2004. Thus, the Court will give Petitioner the benefit of the doubt and use the October 2004 date for purposes of habeas review. Using the October 2004 date, Respondents' claim that the petition is time-barred fails. See 28 U.S.C. § 2244(d).

3

     2.    Petitioner was denied effective assistance of counsel during her post-conviction relief procedures.

     3.    Petitioner was denied her Sixth Amendment right to effective assistance of trial counsel for failure to investigate the defenses of diminished capacity and intoxication.

     4.    Petitioner was denied her Sixth Amendment right to effective assistance of trial counsel for failure to investigate the defenses of passion/provocation manslaughter.

(Petition, ¶ 12). It appears that the claims have been exhausted in the state courts. Nonetheless, this Court finds that Petitioner's claims are clearly meritless. Thus, the petition will be denied.[4]

## DISCUSSION

**A.** **Standards Governing Petitioner's Claims.**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[4] Although a petition for writ of habeas corpus may not be granted if Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding Petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

5

where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. See id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts.  See Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference.  See Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment.  See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000); see also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent."  Priester

6

v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.     Petitioner's Plea Claims**

In Ground One of her petition, Petitioner argues that her plea was not knowing and voluntary, and that trial counsel was ineffective.[5] Specifically, in Ground One, Petitioner argues that she had informed trial counsel that she wished to go to trial, and that she suffers from mental illness. She told trial counsel that the mental illness existed prior to the crime. Trial counsel, however, "failed to gather this information, and

---

[5] Ground Two of the petition, that Petitioner was denied the effective assistance of counsel during her post-conviction relief procedures, will be denied based upon 28 U.S.C. § 2254(i)(stating: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

7

instead told petitioner that the state's evidence was overwhelming and that if she insisted on going to trial she would certainly lose and, at best, she would spend the rest of her life in prison." Petitioner alleges that counsel told her that she could be sentenced to the death penalty. Thus, although she strongly desired to go to trial, when "threatened with life in prison, or even death, her decision to go to trial changed." (Pet., ¶ 12A).

Due process requires that guilty pleas be entered intelligently and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). A plea does not qualify as intelligent "unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Bousley v. United States, 523 U.S. 614, 618 (1998)(quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). Where, prior to pleading guilty, a defendant is provided with a copy of the indictment which recites the charge against him, "[s]uch circumstances, standing alone, give rise to a presumption that the defendant was informed of the nature of the charge against him." Id. (citation omitted). A guilty plea entered by one fully aware of the direct consequences of the plea is voluntary "'unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises

8

that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" Brady v. United States, 397 U.S. 742, 755 (1970) (quoting Shelton v. United States, 246 F.2d 571, 572 n.2 (5th Cir. 1956)(en banc), rev'd on confession of error on other grounds, 356 U.S. 26 (1958)). The Court of Appeals for the Third Circuit has held that the only direct consequences relevant to evaluating the voluntariness of a guilty plea are the maximum prison term and fine for the offense charged. See Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995), cert. denied, 516 U.S. 1058 (1996), superseded by statute on other grounds as stated in Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996).

Most courts look to the totality of events and circumstances preceding entry of a guilty plea in determining whether the defendant was informed and understood the nature of the charge. Some of the factors to be considered include: (1) the complexity of the charge; (2) defendant's age; (3) defendant's record; (4) defendant's intelligence and education; (5) defendant's ability to comprehend what was being said to him; and (6) whether he was represented by counsel. See United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000); United States v. Fernandez, 205 F.3d 1020, 1025 (7th Cir. 2000); United States v. Mosley, 173 F.3d 1318, 1322-23 (11th Cir. 1999); United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994).

In this case, the judge accepted the plea, and the colloquy evidences that Petitioner understood the charges against her, the rights she was giving up by pleading guilty, the sentencing consequences of pleading guilty, and stated that she was not coerced or induced into making the plea. It also states that she was satisfied with her attorney's advice. (See Transcript of Plea, dated August 4, 1999; see also this Opinion, section C, outlining Appellate Division opinion).

Based on the record, it is clear that Petitioner understood the nature and elements of the charges against her. The guilty plea to felony murder, was entered into voluntarily and intelligently. There is no reason for this Court to disturb the state courts' findings that the plea was voluntary. Petitioner is not entitled to relief on this claim.

C. **Petitioner's Ineffective Assistance of Counsel Claims**

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to investigate the defenses of diminished capacity and intoxication. Petitioner alleges that she informed trial counsel of her various mental illnesses, including post-traumatic stress disorder, disassociate personality disorder, battered women's syndrome, and manic depression. Trial counsel was also aware of Petitioner's various medications while housed at the county jail. Petitioner states that counsel also was informed of evidence of verbal, physical, mental and sexual abuse

by the victim against Petitioner, as well as other paternal figures in her life. There was documented evidence of Petitioner's chronic alcohol and substance abuse history. Petitioner argues that trial counsel's failure to investigate and collect evidence regarding Petitioner's mental defects and substance abuse rendered her ineffective.  (Pet., ¶ 12C).

Finally, in Ground Four, Petitioner argues that trial counsel should have investigated the defense of passion/provocation manslaughter after certain information that Petitioner provided counsel. However, counsel never explored these possible defenses, rendering her assistance ineffective. (Pet., ¶ 12D).

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. See id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973 (2001).  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is

11

reliable." Strickland, 466 U.S. at 688.  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  Id.

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense.  See Strickland, 466 U.S. at 687.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. See id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  See id. at 697; see also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

The Strickland standards also apply to guilty pleas alleged to be the result of ineffective assistance of counsel.  See Hill v. Lockhart, 474 U.S. 52 (1985).  To prevail on an ineffective assistance claim in a guilty plea context, a petitioner must show: (1) counsel's performance relating to the plea was deficient; (2) the deficient performance prejudiced Petitioner's case, because there was a reasonable probability that but for

12

counsel's errors, the defendant would <u>not</u> have pled guilty, and would have gone to trial. <u>See</u> <u>Strickland</u>, 466 U.S. at 687-88; <u>Hill</u>, 474 U.S. at 59.

In this case, the PCR court examined Petitioner's ineffective assistance claims. The PCR court held, in an oral decision, that the plea was voluntary and knowing, and denied Petitioner's request for a plenary hearing. (Transcript of PCR hearing, dated November 13, 2001). The Appellate Division, citing <u>Strickland</u>, held:

> We have considered Wilson's arguments in light of the record and the briefs and are satisfied that they are wholly without merit. Wilson claims that her step-grandfather abused her for twelve years when she lived with him. However, at the time of the murder she was not living with him and her motive for the attack was clearly robbery to obtain money to support her drug habit. We are also satisfied that there was insufficient basis for a mental deficiency defense or an intoxication defense. The record reflects that trial counsel was fully aware of the extensive evidence against Wilson and counsel explored viable defenses with Wilson before she pled guilty.
>
> Under the circumstances, the plea agreement was more favorable to Wilson than facing the charges in the indictment. We are satisfied that not only did Wilson receive competent representation at the plea and sentencing proceedings, but also at the post-conviction relief proceedings. Wilson has failed to satisfy the requirements of <u>Strickland v. Washington</u>. Moreover, the judge appropriately denied her motion to withdraw her plea to felony murder.

(<u>See</u> Appellate Division decision, <u>State v. Wilson</u>, A-2990-01T4, June 24, 2003, at p. 3)(internal citations omitted).

13

After reviewing the record, this Court agrees with the findings of the state courts. The evidence against Petitioner in this case was overwhelming. As noted in the briefs to the Appellate Division, citing the Grand Jury transcript, Petitioner's aunt, the victim's daughter, informed the police of Petitioner's possible involvement in the crime, after witnessing the behavior and actions of Petitioner the night of the crime. Upon focusing on Petitioner as a suspect, the Petitioner implicated a neighbor in the crime. The neighbor was interviewed by the police, but his story panned out, and he passed a polygraph test. Petitioner's story was checked out and proven false, and Petitioner was arrested. (See State's brief on first appeal, at pp. 4-7).

Prior to entering the guilty plea, counsel had Petitioner examined by a psychiatrist to determine whether there was any underlying psychiatric problem that could have risen to a defense in the case, but the examination revealed none. (See State's brief on first appeal at pp. 7, 10). Therefore, Petitioner has not demonstrated deficient representation by counsel. Counsel did investigate Petitioner's case before negotiating the plea agreement, and secured a relatively shorter sentence that if Petitioner had been found guilty of all counts of the plea. As indicated by the State in their brief on first appeal, Petitioner faced a sentence of 30 years for murder, a consecutive 20 years

for armed robbery (85% without parole), and potential five-year consecutive sentences for burglary and drug possession. Instead, the plea negotiated was for a 30-year term. (<u>See</u> State's brief on first appeal at p. 11 n.6).

Finally, a review of the guilty plea reveals that the judge took great care in assessing the factual basis, and asked Petitioner more than once if she understood the consequences of pleading guilty, and if she wanted to go to trial. Petitioner consistently said that she understood her rights and did not want to go to trial. She provided a factual basis for the felony murder charge, stating that she stabbed her stepfather, and took the money from him. In fact, court recessed at one point, and when Petitioner was brought back to court, the judge asked her again if she understood what she was pleading guilty to, informed her of her right to have her accusation presented to the grand jury,[6] and asked if anybody forced or threatened her to take the plea. (<u>See</u> Transcript of Guilty Plea).

For purposes of habeas relief, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved

---

[6] During the course of the plea agreement, it became clear from the facts admitted to by Petitioner that felony murder was a more appropriate charge than the murder charge listed in the indictment. Thus, the court recessed for an accusation to felony murder to be drawn up. The indictment was dismissed, and Petitioner plead to the accusation.

15

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  The state courts correctly applied the Strickland federal standard to Petitioner's ineffective assistance of counsel claims, and reasonably applied the facts of the case in the decisions.  Thus, Petitioner is not entitled to habeas relief for these ineffective assistance of counsel claims.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability will issue.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is denied and no certificate of appealability will issue.  An appropriate order accompanies this opinion.

                                       s/ Anne E. Thompson
                                      ANNE E. THOMPSON
                                      United States District Judge

Dated: August 27, 2008